**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-2271**

CROSS RIVER BANK,

        Plaintiff – Appellee,

     v.

3 BEA'S ASSISTED LIVING LLC, a/k/a Three Bea's Assisted Living, a Maryland Limited Liability Company; CONNIE STEWART; DAVID STEWART, JR.,

        Defendants – Appellants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Timothy J. Sullivan, Magistrate Judge. (8:21-cv-03210-TJS)

Argued: May 8, 2025                                        Decided: June 4, 2025

Before HARRIS, RICHARDSON, and HEYTENS, Circuit Judges.

Vacated in part and remanded by unpublished opinion. Judge Heytens wrote the opinion, which Judge Harris and Judge Richardson joined.

**ARGUED:** Richard Bruce Bardos, SCHULMAN, HERSHFIELD & GILDEN, P.A., Baltimore, Maryland, for Appellants. Jonathan J. Lerner, STARR, GERN, DAVISON & RUBIN, P.C., Roseland, New Jersey, for Appellee. **ON BRIEF:** Blake W. Frieman, BEAN, KINNEY & KORMAN, P.C., Arlington, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

Connie Stewart owns and operates a company called Three Bea's Assisted Living LLC. During the COVID-19 pandemic, Stewart applied for a loan from Cross River Bank as part of the Small Business Administration's Paycheck Protection Program. Before receiving any funds, Stewart had to sign a promissory note. The note's first page listed "Connie Stewart" as the "Borrower," "Three Bea's Assisted Living" as both the "SBA Loan Name" and "Operating Company," and "Cross River Bank" as the "Lender." JA 122. It stated that "[i]n return for the Loan, Borrower promises to pay to the order of Lender the amount of one million, seven hundred six thousand, one hundred seventeen Dollars, interest on the unpaid principal balance, and all other amounts required by this Note." *Id.* A later provision stated that "[a]ll individuals signing this Note are jointly and severally liable." JA 126. The note's last page concluded as follows:

BORROWER'S NAME(S) AND SIGNATURE(S):
By signing below, each individual or entity becomes obligated under this Note as Borrower.

Three Bea's Assisted Living
_____ , Borrower
By: Connie Stewart
Name: CONNIE STEWART
Title:

JA 127.

The loan was not repaid, and Cross River Bank sued Stewart and Three Bea's in federal district court. (The complaint also named Stewart's son as a defendant, but that

claim is not before us.) Stewart argued that she signed the loan only in her capacity as Three Bea's owner and was thus not personally liable on the note.

The district court granted summary judgment to Cross River Bank against both Stewart and Three Bea's. As relevant here, the court concluded there was no genuine dispute of material fact about whether Stewart was personally liable on the note because "Connie Stewart and 3 Bea's signed the Note" and the note was "clear and unambiguous" that Stewart was personally liable. JA 310. Stewart moved for reconsideration, arguing that the court should have applied the rules stated in Section 3-402(b) of the Maryland Commercial Code, which address whether a person who signs their own name to a negotiable instrument when representing an organization is personally liable on the note. The district court denied that motion, concluding that "Section 3-402(b) does not exempt Connie Stewart from liability" because "the Note does not show [] unambiguously that [Stewart's] signature was made on behalf of Three Bea's, and not both Three Bea's and herself." JA 359–60 (alterations and quotation marks removed). Cross River Bank voluntarily dismissed its remaining claims and the court entered final judgment in its favor. Stewart appeals, contesting only the ruling about her personal liability.

The parties agree Maryland law governs this dispute, and we decide the case on that understanding. We review the district court's decision granting summary judgment de novo, including the court's understanding of Maryland law. See *Seabulk Offshore, Ltd. v. American Home Assurance Co.*, 377 F.3d 408, 418 (4th Cir. 2004); see also *Salve Regina Coll. v. Russell*, 499 U.S. 225, 239 (1991) (appellate courts must review de novo questions of state law).

3

On appeal, Stewart's sole argument is that she is not personally liable on the promissory note because she signed it only in a representative capacity. Under Maryland law, a promissory note is a contract "to which the basic rules of contract construction apply." *Jenkins v. Karlton*, 620 A.2d 894, 901 (Md. 1993). "The interpretation of a contract, including the determination of whether a contract is ambiguous, is a question of law reviewed without deference." *Lithko Contracting, LLC v. XL Ins. Am. Inc.*, 318 A.3d 1221, 1230 (Md. 2024) (quotation marks removed). Maryland courts "employ . . . an objective approach to contract interpretation, according to which, unless a contract's language is ambiguous, we give effect to that language as written without concern for the subjective intent of the parties at the time of formation." *Ocean Petroleum, Co. v. Yanek*, 5 A.3d 683, 690 (Md. 2010). Contract language is ambiguous when "a reasonably prudent person could ascribe more than one reasonable meaning to" it. *Lithko*, 318 A.3d at 1231 (quotation marks removed).

We conclude the promissory note is ambiguous about Stewart's personal liability and that the district court erred in concluding otherwise. We thus vacate the judgment in part and remand for further proceedings.

To be sure, the argument that Stewart is personally liable on the note has force. The note's first page identified Stewart—not her business—as the "Borrower." JA 122. The note said that "[a]ll individuals and entities signing this Note are jointly and severally liable." JA 126. And both Stewart's name and signature appear on the note's final page.

Those facts are certainly relevant, but they cannot be viewed in isolation. Instead, we must consider the note "in its full context." *Lithko*, 318 A.3d at 1231. Having done so,

4

we conclude that "a reasonably prudent person *could*" conclude that Stewart signed the note only in a representative capacity, *id.* (quotation marks removed and emphasis added), and that the note is thus ambiguous on that point.

Most critically, although the note's first page identified Stewart as the "Borrower," other provisions of the note prevent us from stopping there. The note's final page once again identified a "Borrower," but this time put the words "Three Bea's Assisted Living" closest to that label. JA 127. Yes, Stewart's name and signature are also on that page. But Stewart's signature appears below the "Borrower" line, where it is introduced by the word "By:." *Id.* So who is the borrower: Stewart, Three Bea's, or both?

Like the district court, Cross River Bank responds by pointing to the note's language that "[a]ll individuals and entities signing this Note are jointly and severally liable" and that "[b]y signing below, each individual or entity becomes obligated under this Note as Borrower." JA 126–27. On one reading, that language makes this case easy because Stewart's electronic signature appears on the note's final page, and no one contends that someone other than Stewart put it there. But there is another possible interpretation: that Stewart did not sign in her *individual* capacity but solely as an agent for the note's actual signatory, the *entity* (Three Bea's).

Although "[m]ost commercial business is done between corporations," *Curtis G. Testerman Co. v. Buck*, 667 A.2d 649, 653 (Md. 1995) (quotation marks removed), an inchoate entity like Three Bea's "can act only through its agents," *Hecht v. Resolution Tr. Corp.*, 635 A.2d 394, 405 (Md. 1994). For Three Bea's to be bound by the note, a human agent needed to sign on its behalf, and Stewart was the obvious choice given her role as

5

the business's "principal, owner, officer, managing member, and registered agent." JA 9. And "if [Stewart] signed the [note]" only as an agent "on behalf of [Three Bea's], a disclosed principal, [she] cannot be held personally liable as an agent." *Curtis G. Testerman Co.*, 667 A.2d at 653.

Cross River Bank responds that because Stewart did not "identif[y] herself as an officer or representative" on the note, she must have "signed personally, as well as a representative of 3 Bea's." Cross River Bank Br. 16. That is not Maryland law. "The rule in Maryland is clear that if an agent fully discloses the identity of his principal to [a] third party, then, absent an agreement to the contrary, he is insulated from liability." *Curtis G. Testerman Co.*, 667 A.2d at 653 (quotation marks removed). Nor does Maryland law require an officer who signs on behalf of an entity to include their title or use magic words to avoid personal liability. To the contrary, "where individual responsibility is demanded," Maryland's highest court has identified a "nearly universal practice" that an "officer signs twice—once as an officer and again as an individual." *Id.* (quotation marks removed). Stewart's failure to include her official title or agency status below her signature is thus insufficient to show that she is personally liable as a matter of law.

For the reasons just explained, we hold the district court erred in concluding that the note unambiguously made Stewart personally liable and that Cross River Bank is entitled to judgment as a matter of law against her on that basis. We thus vacate the district court's judgment in part and remand for further proceedings. On remand, the district court should determine whether Section 3-402(b) of the Maryland Commercial Code applies here, see Md. Code, Com. Law. § 3-104(a) (defining "negotiable instrument"), and, if so, how

that statute bears on whether Stewart signed the note in her personal capacity, see § 3-402(b)(2) (providing different rules for answering that question when "the form of" a representative's signature "does not show unambiguously that the signature is made in a representative capacity").

*       *       *

The judgment is vacated in part and the case is remanded for further proceedings consistent with this opinion.

<em>SO ORDERED</em>